UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05cv-175-R

ROBERT E. & LEOLA C. GILKEY,                                                    PLAINTIFFS

v.

THE EQUITABLE VARIABLE LIFE
INSURANCE COMPANY, EQUITABLE
LIFE ASSURANCE SOCIETY OF THE
UNITED STATES, AXA ADVISORS,
LLC,                                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the Defendants' Motion to Dismiss (Docket #45). The Plaintiffs have responded (Docket #49), and the Defendants have replied to their response (Docket #50). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

This claim arises from a class action complaint filed by the Plaintiffs ("Policyholders") alleging that they were fraudulently induced into purchasing life insurance policies as investment vehicles that did not perform as orally promised by agents of the Defendants. The Plaintiffs filed their original complaint in state court, which was later removed to this Court upon a motion by the Defendants. After removal, the Defendants filed a motion to dismiss the original complaint, which the Court denied on January 27, 2006 (Docket #36). The Plaintiffs filed their First Amended Class Action Complaint while the Court was considering the initial motion to dismiss. Since the denial of the initial motion to dismiss, the Defendants have filed a motion requesting that the Court vacate its denial (Docket #37), and have filed this motion to dismiss along with a Stay of Discovery.

The Plaintiffs were sold a universal life insurance policy known as an "Equitable Life Account Policy, Adjustable Life Plan." The Plaintiffs assert that all the policies at issue in this matter are not securities, but are cash value policies, by way of the Defendants' aggregation into a general account of the funds and the investment of the Plaintiffs' premium dollars. All funds paid by the Plaintiffs were placed into a general account, and all premiums were pooled together for the purpose of making and maintaining the investments. The earning on the general account's investments were used to determine the interest rate that was credited on the cash value policies of the Plaintiffs. The Defendants maintained exclusive control of the investment accounts.

In its motion, the Defendants argue that the instant matter is barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and should be dismissed as time-barred and for failure to state a claim upon which relief may be granted. The Plaintiffs counter asserting that SLUSA does not apply because the class action complaint includes only non-variable annuities that are not securities; and the Court, in its memorandum opinion on the initial motion to dismiss, had already ruled on the same arguments submitted by the Defendants in the instant motion to dismiss. The Defendants reply contends that the Plaintiffs impermissibly attempt to amend their complaint in their response and that the state law claims of the Plaintiffs are baseless.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*,

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The two arguments for dismissal put forward by the Defendants are that the claims of the Policyholders are precluded under SLUSA and that the state law claims are both time-barred and baseless. The Court will address each of these arguments individually.

### *Whether SLUSA mandates dismissal of the Class Action Complaint of the Plaintiffs*

SLUSA, under 15 U.S.C. §§77(p)(b) and 78bb(f), requires federal courts to serve as the exclusive venue for securities class actions based on state law. However, SLUSA mandates a dismissal of a securities class action claim that only alleges state law claims. 15 U.S.C. §§77(p)(b), states in pertinent part:

> (b) Class action limitations
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

>(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

Thus, to dismiss an action under SLUSA, a defendant must show that "(1) the action is a 'covered class action' under SLUSA; (2) the action purports to be based on state law; (3) the action involves a "covered security" under SLUSA; (4) the defendant misrepresented or omitted a material fact or employed a deceptive devise; and (5) 'in connection' with the purchase or sale of such security." *Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 376, 381 (E.D.N.Y. 2002). At issue is whether or not the insurance policies at issue are "covered securities" under SLUSA.

>15 U.S.C. §77(p)(f)(3) defines covered security as:
>
>The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under this subchapter pursuant to rules issued by the Commission under section 77d(2) of this title.

15 U.S.C. § 77r(b), paragraphs (1) and (2) define covered security as:

>(1) Exclusive Federal registration of nationally traded securities
>A security is a covered security if such security is--
>(A) listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
>(B) listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
>(C) is a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).
>(2) Exclusive Federal registration of investment companies
>A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940 [15 U.S.C.A. § 80a-1 et seq.].

The Defendants assert that the policies in question are covered securities under SLUSA because the policies are variable annuities, which qualify as covered securities. Therefore, in order to establish whether the policies at issue are covered securities under SLUSA, the Court must determine whether or not the insurance policies qualify as "variable annuities."

In *Lander v. Hartford Life & Annuity Ins. Co.*, the United States District Court of Connecticut, in citing the United States Supreme Court case of *SEC v. Variable Annuity Life Insurance Co. of America*, 359 U.S. 65, 98-99 (1959), held that variable annuities qualified as securities because the annuities were invested in separate investment accounts that were registered with the SEC pursuant to the Investment Company Act of 1940. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 109 (Conn. 2001) (*citing Prudential Ins. Co. of America v. SEC*, 326 F.2d 383, 388 (3rd Cir. 1964). In the instant matter, the Defendants have not demonstrated that the funds collected for the insurance policies in question were distributed in separate investment accounts that were registered with the SEC. The funds in questions were not put into separate investment accounts, but instead were placed in an aggregate general account. Further, the Defendants have not indicated whether or not the general account is registered with the SEC pursuant to the 1940 Investment Company Act. Accordingly, the policies in question are non-variable annuities that do not qualify as covered securities under SLUSA.

The Defendants cite the Sixth Circuit Court of Appeals case of *Cooper v. King*, where the Court applied a four-part test to determine whether a life insurance policy qualifies as a security. *See Cooper v. King*, 114 F.3d 1186, *2 (6th Cir. 1997). The Court decided *Cooper* in 1997, one year prior to the passage of SLUSA in 1998. As such, the test used by the Court in that matter is inapplicable to the instant matter because Congress defined a security for purposes of SLUSA in

5

15 U.S.C. §77(p)(f)(3).

The Court recognizes that certain life insurance policies contain both insurance and investment components that qualify the policies as securities under federal law, however, in this initial pleading stage it appears that the policies in the instant matter do not meet that standard. Therefore, the Court cannot find that SLUSA bars the class action complaint brought by the Plaintiffs.

### *Whether the State Law Claims are Time-Barred and Baseless*

In denying the initial motion to dismiss submitted by the Defendants, the Court held that the Plaintiffs claims were not time barred and the Plaintiffs properly plead a claim upon which relief could be granted. In the instant matter, the Defendants assert similar, if not the same arguments regarding most of the state law claims, with the exception of the breach of contract claim (Defendants Motion at 20). The Court has previously denied the Defendants' motion concerning those matters, and the Court finds no reason to set aside its holding on those issues in the instant matter.

In looking at the Plaintiffs' breach of contract claim, the Defendants contend that it is precluded because the Plaintiffs failed to specify any contractual provision and the statute of frauds. However, the Plaintiffs have asserted six (6) specific instances where they allege the Defendants have breached certain provisions of the insurance policy. These claims are sufficient enough to satisfy the liberal pleading requirements of FRCP 8(a). As such, from a pleadings standpoint, the breach of contract claims alleged by the Plaintiffs are not baseless.

The Defendants also contend that the contract provisions were oral representations, and that the Plaintiffs cannot sustain a claim because of the statute of frauds, which precludes oral

contracts that cannot be performed within one (1) year of their formation.  KRS §371.010(7) states that:

> No action shall be brought to charge any person:
> (7) Upon any agreement that is not to be performed within one year from the making thereof.

The Defendants argue that the alleged breached provisions asserted by the Plaintiffs could not be performed within a year of making the contract, and that therefore the statute of frauds precludes the claims by the Plaintiffs because the contract needed to be in writing.  However, though the insurance policy was a life policy, all of its provisions could have been performed by the Defendants within or during the first year after forming the contract.  Furthermore, in Kentucky, the Statute of Frauds does not apply to insurance contracts. *Midwest Mut. Ins. Co. v. Wireman*, 54 S.W.3d 177, 180-81 (Ky. App. 2001); *Dennis v. Watson*, 264 S.W.2d 858, 860-61 (Ky. 1954).  Accordingly, the breach of contract claim is not precluded by the statute of frauds.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **DENIED**.

An appropriate order shall issue.

7